IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JURISIC & SONS, INC. AND MERMAID SEAFOOD, INC.<br><br>Plaintiffs,<br><br>v.<br><br>TRANSTEXAS GAS CORPORATION AND FALCON DRILLING COMPANY, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. G-02-769<br>§<br>§<br>§<br>§<br>§ |

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Jurisic & Sons, Inc. ("Jurisic") and Mermaid Seafood, Inc. ("Mermaid") (collectively, "Plaintiffs") filed suit against Defendants TransTexas Gas Corporation ("TransTexas") and Falcon Drilling Company ("Falcon") (collectively, "Defendants") for damage to oyster beds and lost oyster production caused by Defendants' oil and gas exploration in an area adjacent to Plaintiffs' oyster beds. Now before the Court is Defendants' Motion for Summary Judgment. For the reasons stated below, Defendants' Motion for Summary Judgment is **DENIED IN PART AND GRANTED IN PART.**

### I. Background

Plaintiff Jurisic is a Texas Corporation. Plaintiff asserts that it is a commercial fisherman and the owner of two oyster leases located in Galveston Bay within Galveston County, Texas, designated as Oyster Leases Nos. 424 and 425 (collectively "Oyster Leases"). On July 28, 1999, Jurisic purchased these leases from Dolphin J. Inc. ("Dolphin") and T & J Oysters, Inc. ("T & J

Oysters"), both of which are Louisiana corporations. The facts demonstrate that since that time, Jurisic has enjoyed actual, peaceable and exclusive possession of the oyster beds and oysters located on the Oyster Leases. In the past six years, Jurisic has expended resources to build and improve the oyster beds on the Oyster Leases, and has planted and transplanted oysters on said leases for future harvest. Jurisic has also obtained private oyster harvest permits from the Texas Parks and Wildlife Commission to remove and market oysters from the aforementioned leases.

Plaintiff Jurisic alleges that Defendants, starting around December 2000, moved a variety of vessels including drilling rigs, supply boats, crew boats and other service vessels in and out of the area covering the oyster leases in a negligent manner. This allegedly damaged the oyster beds, resulting in a loss of both past and future oyster production. More specifically, that Defendants' activities caused silt to be deposited on Plaintiff's oyster beds, which caused the death of oysters and prevented new oysters from attaching and developing to the substrate.

In 1998, a similar lawsuit to the present one was filed by prior owners of the Oyster Leases against TransTexas and Falcon. *Blue Gulf Seafood, Inc. v. TransTexas Gas Corporation*, 24 F. Supp. 2d 732, 733 (S.D. Tex. 1998). In that case, this Court granted Defendants' motion to dismiss for failure to state a claim for which relief can be granted because Dolphin and T & J Oysters were both Louisiana corporations and could not hold any proprietary interests in the leases in question and could not recover their economic losses. *Id.* at 734–35. After that case was resolved, Dolphin and T & J Oysters transferred their interests in the Oyster Leases to Jurisic, a Texas corporation. In late 2002, Plaintiff Jurisic filed this present suit against Defendants for damage to its oyster beds and lost oyster production.

Plaintiff Mermaid has stipulated that it claims no proprietary interest in any of the oysters beds or leases that are the subject of Plaintiffs' complaint in this lawsuit, nor does it claim any

license, permit, right or privilege to deposit oysters on, or take oysters from the aforementioned oyster beds and leases.

Now before this Court is Defendants' Motion for Summary Judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id*. at 257, 106 S. Ct. at 2514; *see also Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Once the moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). This Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

### III. Analysis

**A. Plaintiff Jurisic**

Plaintiff's claim is essentially one for economic loss. Defendants' activities allegedly damaged Plaintiff's oyster beds and caused a loss in oyster production. To prevail on such a claim, a plaintiff must show that it sustained physical injury to a proprietary interest. *See Robins Dry Dock & Repair v. Flint*, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927). The courts of this Circuit recognize an exception to this general rule for commercial fishermen. *See State of Louisiana ex rel. Guste v. M/V Testbank*, 524 F. Supp. 1170, 1173 (E.D. La. 1981); *see also State of Louisiana ex rel. Guste v. M/V Testbank*, 752 F.2d 1019, 1020 (5th Cir. 1985). Commercial fishermen may recover for pure economic harm resulting from negligent acts that affect the fishing waters. *See Golony Barge Co. v. M/T Shinoussa*, 841 F. Supp. 783, 785 (S.D. Tex. 1993). However, this exception is a narrow one, and it is limited to commercial fishermen who were exercising their public right to make a commercial use of those waters. *See id.* "The contours of this public right are shaped by state law to the extent that a state may restrict the right to those licensed to fish in its waters on a commercial basis." *Blue Gulf Seafood*, 24 F. Supp. 2d at 734 (citing *Golony Barge Co.*, 841 F. Supp. at 785). Fishermen not properly licensed to engage in commercial fishing activities in Texas waters do not enjoy the public right to fish without interference. *Blue Gulf Seafood*, 24 F. Supp. 2d at 734. In Texas, only corporations incorporated under the laws of Texas may lease or control private oyster beds under a certificate of location. *See* TEX. PARKS & WILD. CODE ANN. § 76.008 (Vernon 2002). Defendants argue that Jurisic has no proprietary interest in the Oyster Leases or beds, and has no right as a commercial fisherman or otherwise to take oysters from the oyster beds

in question. Therefore, Plaintiff lacks standing to recover as a commercial fisherman. Defendants claim that because the prior owners of the Oyster Leases had no proprietary interests in said beds or leases that their assignments to Jurisic were ineffective. If the assignments were ineffective, then Plaintiff Jurisic stands in the same position as the prior owners and holds no proprietary interest in the Oyster Leases. Plaintiffs responded to this argument with factual evidence demonstrating that there is a genuine issue as to whether it possesses a proprietary interest in the Oyster Leases.

First, Jurisic is a Texas corporation, and as such it may lease or control land for the cultivation and harvesting of oysters under Texas law. *Id.* Second, Plaintiff has been exercising its rights under the said leases since 1999, and there is no evidence that its ownership has been challenged by the State of Texas or any prior owners. Third, Plaintiff has obtained private oyster harvest permits from the Texas Parks and Wildlife Commission since obtaining the Oyster Leases. Fourth, Plaintiff is in compliance with the plain letter of the law as set forth in the Texas Parks & Wildlife Code. *See* TEX. PARKS & WILD. CODE ANN. §§ 76.001-.008, .012, .031 (Vernon 2002). This evidence indicates that there is a genuine issue with respect to the ownership of the oyster leases. In addition, Defendants provide little convincing legal authority for their position that the assignments were ineffective.

This Court's Order in *Blue Gulf Seafood* was affirmed in part and remanded in part by the Fifth Circuit. *See Blue Gulf Seafood, Inc. v. TransTexas Gas Corp.*, No. 98-41436, slip op. at 2, (5th Cir. Dec. 12, 2000). The Circuit affirmed this Court's dismissal of the Louisiana corporations' claims. However, it reversed the dismissal of the one plaintiff who was, in fact, a Texas corporation. Given that Jurisic is a Texas corporation, this Court is reluctant to hold that Jurisic holds no proprietary interest under the leases in question. In this case, the question of ownership of the oyster beds presents questions of law based on questions of fact best left to the trier of fact.

Second, Defendant argues that the present suit is nothing more than a "thinly disguised collateral attack on a previous judgment of this court." Given that this present lawsuit involves different plaintiffs and time frame, this argument must fail. The prior judgment of this court did not immunize the Defendants from any future negligent conduct with respect to the Oyster Leases.

**B. Plaintiff Mermaid Seafood, Inc.**

Mermaid Seafood has stipulated that it claims no proprietary interest in any of the oyster beds or leases subject to Plaintiffs' complaint. As such, it does not fall within the commercial fishermen's exception to *Robinson Dry Dock* and it has no cause of action. As to Plaintiff Mermaid Seafood, Defendants' Motion for Summary Judgment is **GRANTED.**

### IV. Conclusion

Defendants have failed to establish that no genuine issues of fact remain in this case with respect to Plaintiff Jurisic's claims, but there are no genuine issues of fact remaining with respect to Plaintiff Mermaid Seafood's claims. Therefore, Defendant's Motion for Summary Judgment is hereby **DENIED IN PART AND GRANTED IN PART**. All claims asserted by Plaintiff Mermaid Seafood, Inc. only are **DISMISSED WITH PREJUDICE.** A final order will be issued in due course. All Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

DONE this 7th day of October, 2005, at Galveston, Texas

Samuel B. Kent
United States District Judge